# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**DAVID CONNER**
30 Arlington Avenue
Masontown, Pennsylvania 15461     **JURY TRIAL DEMANDED**

    Plaintiff,

v.                                 CASE NO.  2:22-CV-1240

**WAL MART, INC.**
355 Walmart Drive
Uniontown, PA 15401

    Defendant

## CIVIL ACTION COMPLAINT

AND NOW Plaintiff,. David Conner, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Americans with Disabilities Act and its 2008 amendments ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"), have been violated and avers as follows:

### I.    PARTIES

1. Plaintiff, David Conner, hereinafter ("Plaintiff" or "Conner"), is an adult individual with a mailing address of 30 Arlington Avenue, Masontown, Pennsylvania 15461.

2. Defendant, Wal Mart, Inc., hereinafter ("Defendant") owns and operations a location at 355 Walmart Drive, Uniontown, Pennsylvania 15401, where Plaintiff was employed.

3. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## II.     JURISDICTION

4. This action is instituted pursuant to the Americans with Disabilities Act, and applicable federal and state law.

5. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

6. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims in this Judicial District.

7. Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act. On or around October 5, 2021, Mr. Conner dual filed his Charge of Discrimination with the EEOC and PHRC and received a Dismissal and Notice of Rights (See Exhibit "A," a true and correct copy of the Dismissal and Notice of Rights to Sue issued by the EEOC).

## III.    FACTS

8. Plaintiff began his employment with Defendant in or around August 29, 2019.

9. Plaintiff was hired as a maintenance worker. Mr. Conner performed all duties asked of his without any complaints or issues.

10. Mr. Conner suffers from lung cancer, a diagnosis which he made his manager aware of at the time of his hiring.  Mr. Conner's manager assured him that Walmart would work with Mr. Conner for any doctor's appointment he might have due to his cancer.

11. On or around January 18, 2019, Mr. Conner's grandson and his mother died in a house fire. He did not ask for some time off until the following week.

12. It hit him very hard to be at work and to see a child that looked like his grandson. So, Mr. Conner asked for some time off. Wal-Mart assured him that during those two times, Mr. Conner would not get any attendance points. Wal-Mart did give him attendance points after assuring him that would not happen.

13. On or around October 31, 2020, Mr. Conner took off due to a family member's illness, after Wal-Mart had approved the time off. There were times where Mrs. Conner would call him at work and tell him that she wasn't feeling right and he would get home and find her passed out on the floor. Further, Mrs. Conner's sister passed away on February 7, 2021. It was very hard for Mr. Conner to work and try to be there for his wife.

14. On or about July 14, 2021, Mr. Conner developed a high fever. Given his lung cancer diagnosis, Mr. Conner contacted his manager, explained that he had a high fever, and that due to his cancer, he needed to see his doctor, which he did.

15. Mr. Conner missed three (3) days of work as a result and brought doctor's notes to confirm this, however, Walmart would not accept any doctor's note and instead gave Mr. Conner five (5) attendance points in their system.

16. On or around July 21, 2021, Mr. Conner was called to the front office around 7:00 pm. Mr. Conner was then told he was terminated. He was upset because he did everything Walmart asked of him and then more.

### IV.   CAUSES OF ACTION

**COUNT I –
TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
DISCRIMINATION
(42 U.S.C.A. § 12101 et seq)**

17. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

18. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

19. Plaintiff is qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

20. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

21. At all times material hereto, Plaintiffs had qualified disabilities, as described above.

22. Plaintiff's cancer substantially limited one or more of his major life activities, including, caring for himself, breathing and working.

23. Defendant's conduct in terminating Plaintiff's is an adverse action, was taken as a result of his disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

24. Defendant failed to engage in an interactive discussion of Plaintiff's disabilities and failed to reasonably accommodate his disabilities.

25. As a proximate result of Defendant's conduct, Plaintiffs sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiffs have also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

26. As a result of the conduct of Defendant's owners/management, Plaintiffs hereby demand punitive damages.

27. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiffs demand attorneys' fees and court costs.

**COUNT II-**
**TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT RETALIATION**
**(42 U.S.C.A. § 12101 et seq)**

28. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

29. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based his exercising his rights under the Americans with Disabilities Act.

30. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

31. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

32. As set forth above, Plaintiff engaged in protected activity when he requested accommodations for his disability.

33. Defendant failed to engage in the interactive process after Plaintiff told Defendant he needed medical accommodations.

34. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff

has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

35. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

36. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys' fees and court costs.

## COUNT III-
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT
## (43 P.S. § 951, et seq.)

37. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

38. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee as a result of that employee's disability.

39. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

40. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

41. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of his disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

42. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional

distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

43. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

44. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, David Conner demands judgement in his favor and against Defendant, Wal Mart, Inc., in an amount in excess of $150,000.00 together with:

A. Compensatory damages for: including, but not limited to: emotional distress, pain and suffering, personal injury damages, economic loss, lost wages and benefits, lost future earnings and lost future earning capacity;

B. Punitive damages;

C. Treble damages;

D. Attorney's fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

Date: August 26, 2022

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: /s/ Mary LeMieux-Fillery, Esquire
Mary LeMieux-Fillery, Esq., PA ID No. 312785
1500 JFK Blvd., Suite 1240
Philadelphia, PA 19063
Telephone: 267-546-0132
Telefax: 215-944-6124
maryf@ericshore.com
*Attorneys for Plaintiff David Conner*

## **VERIFICATION**

I, <u>David Conner</u>, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein made are subject to penalty of law, relating to unsworn falsification to authorities.

Date: 08/26/2022     BY: _David Conner_ (Electronically Signed, Nintex AssureSign®, 2022-08-26 19:23:30 UTC - 174.251.209.82, 9334f35f-dcc4-40f8-a8e2-aefd013ebff4)

David Conner